UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MODIS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08CV01533 ERW |
| ) | |
| RHETT L. BARTH, ) | |
| ) | |
| Defendant. ) | |

## **TEMPORARY RESTRAINING ORDER**

This matter comes before the Court upon Plaintiff's Motion for Temporary Restraining Order filed with this Court on October 8, 2008. This case involves an effort by Plaintiff to have the Court prohibit Defendant from using Plaintiff's trade secret information, competing with Plaintiff in the applicable market area, and soliciting clients in violation of the employment agreement's restrictive covenant. A hearing on Plaintiff's request for temporary relief was held in this Court on October 14, 2008.

In determining whether a temporary restraining order is warranted, the Court is guided by *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). The relevant factors to be considered by a district court are: "(1)the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on the other interested parties; and (4) whether the issuance of an injunction is in the public interest." *Entergy, Arkansas, Inc. v. Nebraska*, 210 F.3d 887, 898 (8th Cir. 2000) (citing *Dataphase*, 640 F.2d at 114). The "[f]actors are not a rigid formula . . . . 'The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies.'" *Branstad v. Glickman*, 118 F. Supp. 2d 925, 938 (N.D. Iowa 2000) (*citing*

*Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506-07 (1959)). No one factor is dispositive of the request for injunction; the Court considers all of the factors and decides whether "on balance, they weigh in towards granting the injunction." *Dataphase*, 640 F.2d at 113. *See also Brandstad*, 118 F. Supp. 2d at 938 (*citing Baker Elec. Co-Op, Inc. v. Chaske*, 28 F. 3d 1466, 1472 (8th Cir. 1994)). The burden of establishing that preliminary relief is warranted is on the party seeking the injunction. *Id.*

In this case, the Court finds that the Plaintiff has met its burden with respect to only a portion of the relief requested. First, the Court finds that Plaintiff has shown the probability of success on the merits. Defendant executed a non-compete agreement, he was aware of the existence of that requirement, he admits taking information from Plaintiff's files under circumstances which show he intended to use that information subsequently, and the information taken, if used, could harm Plaintiff. Next, the Court finds that there is the threat of irreparable harm to Plaintiff if Defendant is not restrained from using information he took. At this time, the Court has not concluded that Plaintiff will be irreparably harmed by Defendant's continued employment with his current employer, or that he should be prohibited from functioning as a recruiter within the 50 mile radius, the place designated in the signed agreement, but the Court, at the same time, is unwilling to conclude that he will not be so restrained after a full hearing.

Next, the balance between the harm and the injury that granting the temporary restraining order will inflict favors granting the requested relief, in part. The Court is convinced that Defendant has in his possession information that could be used for the purpose of causing harm to the Plaintiff. Such wrongful use could cause irreparable harm in the form of lost customers and a diminished competitive edge. Prohibiting Defendant from using this information would cause him little to no harm, considering the fact that he testified that the information was of no use to him whatsoever. Thus, the balance of interests weighs in favor of issuing a temporary restraining

order with respect to the issue of confidential, proprietary or trade secret information.  Finally, the public interest is protected by enforcing valid contracts.  Thus, the Court finds that the *Dataphase* factors have been met with respect to Defendant's alleged use of confidential, proprietary or trade secret information.

Accordingly,

**IT IS HEREBY ORDERED** that, upon receipt of bond in the amount of **$500.00**, the Court enters the following Temporary Restraining Order:

> Defendant Rhett L. Barth shall, **within three (3) days**, return to Plaintiff Modis, Inc. any and all information obtained from Plaintiff prior to the cessation of his employment with the company.  Should the return of the information be complicated by the computer issues described by Defendant in his testimony to the Court, Defendant shall turn his computer over to the custody of the Court, to hold until the issues in this case have been resolved.  While the Court will not, at this time, require Defendant to cease his current employment with I Bridge, he is strictly prohibited from using any of the information he obtained from Plaintiff in any manner.

**IT IS FURTHER ORDERED** that a hearing on preliminary injunctive relief will be held in the United States District Court for the Eastern District of Missouri, Courtroom 12 South, on **Tuesday, October 21, 2008**, at **2:00 p.m.**  Counsel for all parties affected by possible injunctive relief shall be present.

Dated this 14th Day of October, 2008.

_/s/ E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE